UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-00008-SEB-DML-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CHRISTOPHER MICHAEL JOHNSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00008-SEB-DML |
| | ) | |
| CHRISTOPHER JOHNSON, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Christopher Johnson has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 88. For the reasons explained below, his motion for compassionate release, dkt. [88], is **denied**.

## I. Background

In December 2021, Mr. Johnson was sentenced to a total of 270 months (22.5 years) of imprisonment after he pled guilty to one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count 1); and one count of discharging a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2). Dkt. 66. The sentence consisted of a 150-month sentence for the drug conviction and a consecutive 120-month sentence for the firearm conviction. *Id.* at 2. The Court also imposed a total of 5 years of supervised release (3 years on Count 1 and 5 years on Count 2 to be served concurrently). *Id*. at 3. The Bureau of Prisons ("BOP") currently reports Mr. Johnson's anticipated release date (with good-conduct time included) as November 15, 2039. https://www.bop.gov/inmateloc/ (last visited September 30, 2026).

Mr. Johnson argues that the Court should reduce his sentence to time served because he establishes extraordinary and compelling reasons for compassionate release within the meaning of

§ 3582(c)(1)(A)(i). The United States filed a brief in opposition, dkt. 97, and Mr. Johnson filed a reply, dkt. 98. Thus, the motion is now ripe.

## II. Discussion

Mr. Johnson seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 88. He sets forth one potentially extraordinary and compelling reasons for release: his mental and physical health conditions. *Id.* at 4.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

**A. Extraordinary and Compelling Reasons**

Mr. Johnson is 48 years old and suffers from a series of physical and mental health diagnoses.[1] His physical medical conditions include benign essential hypertension, nerve pain, gout, high blood pressure, and complex regional pain syndrome, type II. Dkt. 97-6 at 11-12; Dkt. 88-1 at 1-2. His mental health diagnoses consist of antisocial personality disorder, anxiety disorder, depressive disorder, and post-traumatic stress disorder. Dkt. 97-6 at 11-12. Additionally, Mr. Johnson was diagnosed by BOP medical staff as a conscious malingerer. *Id*.

Mr. Johnson claims that he is not receiving adequate treatment for his conditions in the Bureau of Prisons ("BOP") and thus requests release. Dkt. 88 at 5-6. Specifically, he is handicapped with a permanent left foot injury and as part of his treatment requires a cane, orthopedic shoes, gel heel cups, a back brace, a right knee brace, compression socks, and physical therapy. *Id*. He states that he has not received these items, nor physical therapy, his mental health medications, pain medications, and his renal diet. *Id*.

The government argues that Mr. Johnson does not present an extraordinary and compelling reason for release, noting that while he does have several legitimate non-life-threatening medical conditions, he receives consistent and ongoing care. Dkt. 97 at 8; dkt. 97-6 at 19-20. The government further states that in addition to his medical conditions being managed, Mr. Johnson has not required transfer to a medical institution, and his most recent psychological services records indicate that he has no significant mental health issues and had no concerns to discuss with the providers. Dkt. 97 at 8; dkt. 97-7 at 2-4. Finally, the government suggests that Mr. Johnson's

[1] Mr. Johnson also alleges that he suffers from bipolar disorder, paranoia disorder, stage 3 kidney disease, and breathing disorders. Dkt. 88 at 4, 8. However, these medical conditions are not noted in Mr. Johnson's medical records. *See* dkt. 7-6 at 11-12. The Court will only consider the medical conditions that there are records of for purposes of addressing this motion.

allegations might form the basis for relief in a civil suit but are not grounds for compassionate release. Dkt. 97 at 8.

Mr. Johnson states in his surreply that he is only being offered medications that do not work for him, that mental health services refuse to speak with him, and that he is in very bad condition despite his reviews stating that he is stable. Dkt. 98 at 1-2.

As relevant here, Paragraph 1(C) of Section 1B1.13(b) that United States Sentencing Guidelines permit a court to find extraordinary and compelling reasons warranting a sentence reduction under the following circumstances:

> The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death. * * *

U.S.S.G. § 1B1.13(b)(1)(C). The Guidelines also permit a court to find extraordinary and compelling reasons if

> the defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(4).

The Court is sympathetic to Mr. Johnson's frustration with his medical care and recognizes that the U.S. Sentencing Guidelines state that a situation where a defendant who suffers from a medical condition requiring long-term or specialized medical care that is not being provided can constitute an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13(b)(1)(C). However, the Court declines to find that Mr. Johnson's medical conditions and alleged lack of medical care meet the extraordinary and compelling burden here, whether considered alone or in combination with any other circumstances. The problem does not appear to be that the BOP is incapable of providing the

medical care he needs. Mr. Johnson's medical records show that he is currently taking a series of mental health, blood pressure management, and gout medications. Dkt. 97-6 at 19-20. Instead, accepting Mr. Johnson's representations as true, the problem is that medical staff at his prison fail to speak with him and provide him with a renal diet, pain medications, physical therapy, and items needed to help him recover from his foot injury. There is another route to relief for this problem that does not require release–namely by filing a civil rights lawsuit and a motion for preliminary injunction in the district of his confinement, which is not the Southern District of Indiana. *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (S.D. Ind. June 16, 2022) ("And to the extent that Miller challenges the conditions and medical care at [his prison] more generally, a compassionate-release motion is not the right vehicle." (citing *United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021)).

**B. Section 3553(a) Factors**

Even if Mr. Johnson's circumstances did constitute an extraordinary and compelling reason for release, the Court nevertheless finds that he is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor. Under § 3553(a), there are seven factors the Court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Weighing in Mr. Johnson's favor, his own letter in support of his motion indicates that he would have family support if he were released. Dkt. 92 at 2.

Weighing against him, Mr. Johnson has an extensive criminal history that began in his late teenage years. Dkt. 59 at 8. He has since spent a significant amount of time incarcerated for various convictions, including a conviction for unlawful possession of a firearm by a serious violent felon. *Id*. at 13. Despite his time in incarceration, Mr. Johnson has continued to offend, committing serious crimes. *Id.* at 8-14.

In light of these considerations, the Court finds that granting Mr. Johnson's motion would not: reflect the seriousness of his offense; promote respect for the law; provide just punishment for his offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("All a district judge need do is provide a sufficient reason for [denying release under § 3582(c)(1)]. One good reason for denying a motion such as [plaintiff's] is enough; more would be otiose."). His motion for compassionate release therefore is **denied**.

## III. Conclusion

For the reasons stated above, Mr. Johnson's motion for compassionate release, dkt. [88], is **denied**.

**IT IS SO ORDERED.**

Date: 10/1/2026

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Johnson
Reg. No. 07894-033
FCI Marianna
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7007
MARIANNA, FL 32447

All Electronically Registered Counsel